**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY FRENCH, | No. 12-35472 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01272-JO |
| v. | |
| MITCH MORROW, Deputy Director; BIRDIE (JANET) WORLEY, Rules Coordinator, 2575 Center N.E. Admin Bldg Salem OR 97301, 4667, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Oregon state prisoner Tony French appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that the prison's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

restrictions on receipt of pornography violate his rights under the Eighth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed French's equal protection claim because French failed to allege facts demonstrating that defendants acted with the intent to discriminate against him on the basis of his membership in a protected class or that he was intentionally treated differently than other similarly situated individuals. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (explaining requirements for stating an equal protection claim).

The district court properly dismissed French's claim that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because the denial of ready access to pornography is not sufficiently grave to form the basis of an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (citation and internal quotation marks omitted)).

**AFFIRMED.**